UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,  　　　　　　　Case No. 1:25-mj-151

　　　　　Plaintiff,  　　　　　　　　　　　　　Hon. Sally J. Berens
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

v.

GUILLERMO ROCHA-ALANZO,

　　　　　Defendant.
_____/

**<u>ORDER OF DETENTION</u>**

On March 20, 2025, the Court authorized a criminal complaint charging Defendant Rocha-Alanzo with being found in the United States after a previous removal, in violation of 8 U.S.C. § 1326(a).  (ECF No. 1.)  The Court also issued an arrest warrant for the Defendant.  (ECF No. 2.)

The continuation provided with the complaint alleges that the Defendant received a Voluntary Return to Mexico on March 18, March 20, March 21, and March 22, 2004.  (ECF No. 1-1, PageID.3−4.)  On December 20, 2010, the Defendant requested a stipulated removal from the United States after Enforcement and Removal Operations were notified of his arrest in Grand Rapids, Michigan.  (*Id.*, PageID.4.)  On January 18, 2011, the Defendant departed from the United States to Mexico with a ten-year ban on reentering or applying for admission to the United States following the issuance of a final order of removal.  (*Id.*, PageID.5)  The Defendant was riding in a vehicle stopped by the Harbor Springs Police Department in or around Petosky, Michigan on March 16, 2025.  United States Border Patrol

Agents responded to the scene where Defendant advised officers he was a Mexican citizen and that he did not have identification. Agents ran his name through records checks and discovered the 2011 final order of removal. The Defendant was placed under arrest.

Defendant Rocha-Alanzo appeared before the undersigned for an initial appearance on March 21, 2025. (ECF No. 5.) At that time, the Government made an oral motion for detention pursuant to 18 U.S.C. § 3142(f)(2).

The Bail Reform Act, 18 U.S.C. §§ 3141-3156, requires the Court to release a defendant, subject to a number of conditions, unless the Court determines that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community. When the government moves for detention under § 3142(f)(2), the Court is required, first, to determine whether the government is entitled to a hearing. The government must demonstrate by a preponderance of evidence that such circumstances exist to be entitled to a detention hearing. *United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 588 (E.D. Ky. 2023). The undersigned concluded that the facts set forth on the record were sufficient to entitle the government to a detention hearing.

In determining whether a condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community, the Court must take into account the nature of the offense charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any

person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In conducting this analysis in this case, the Court has not considered the possibility that the Defendant would be removed from the United States while on bond. The issue here is whether Defendant is a flight risk, not whether some set of circumstances beyond Defendant's control would create a risk of his non-appearance at subsequent hearings in his criminal case

The record before the Court is limited. U.S. Probation did not complete a Pretrial Services Report on Defendant and did not interview him. However, based on the limited record, the Court concluded on the record that the government has shown by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant. This conclusion is based on Defendant's prior removals and reentries and his lack of ties to this district. Therefore, the Court **GRANTS** the Government's motion for pretrial detention of the Defendant at this time.

Defendant has the right to appeal this decision. Defendant may also file a motion for an order directing U.S. Probation to interview Defendant and complete a Pretrial Services Report. Defendant may then, if appropriate under § 3142(f), file a motion to reopen the detention hearing.

**IT IS SO ORDERED.**

Dated:   March 24, 2025                                      /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U.S. MAGISTRATE JUDGE

4